IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TIFFANY ANNE LINTON
a/k/a TIFFANY ANNE KENNEDY                                              PLAINTIFF

      v.                    Civil No. 07-2070

STEVE WRIGHT, Former Van Buren
Police Officer; MARC McCUNE,
Prosecuting Attorney; GARY COTTRELL,
Circuit Judge; STEVEN PEER,
District Judge; CANDICE SETTLE,
Former City Attorney/Current Private
Attorney                                                                 DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Tiffany Linton brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Her complaint was filed *in forma pauperis* (IFP) and it is now determined whether it should be served upon the defendants.

### I. Background

According to the complaint, former Van Buren Police Officer Steven Wright came out to Linton's former residence with her husband, Bryan Linton. They accused her of having bruised her son, Bryan Linton, Jr.

The following night, Linton alleges her sister-in-law came over threatening her and saying she was going to take the baby. The next morning when the sister-in-law brought the baby back, Linton maintains he had a noticeable red mark on his leg that appeared to be a bruise. At that time, Officer Wright asked her to come down to the police station to answer a few questions.

-1-

AO72A
(Rev. 8/82)

Linton complied with his request. Linton states Officer Wright asked her to take a lie detector test which she did. Linton indicates Officer Wright then became very rude, threatened her, and said she if she didn't confess she would go to jail and never see her kids. Officer Wright stated he had seen her hand-print on the child.

Linton indicates her case was initially before Judge Cottrell but then got transferred to Judge Peer. She was sentenced to one year probation, one year imprisonment suspended, anger management classes, and $600 in fines.

Linton asks that her sentence be vacated, the probation be terminated, and the anger management classes be dropped. Additionally, she asks for damages for pain and suffering.

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Linton's claims are subject to dismissal. First, to the extent Linton claims she was "falsely" arrested and falsely incarcerated, those claims are subject to dismissal. Under *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), a § 1983 claim that would necessarily imply the invalidity of a conviction is premature.

AO72A
(Rev. 8/82)

In *Heck*, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S. Ct. at 2372-73(footnotes omitted). Thus, Linton's false arrest and false imprisonment claims are simply not cognizable under § 1983.

Second, to the extent Linton attempts to assert a malicious prosecution claim, the claim is not cognizable under § 1983 because it does not allege a constitutional injury. *Kohl v. Casson*, 5 F.3d 1141, 1145 (8th Cir. 1993); *Gunderson v. Schlueter*, 904 F.2d 407, 409 (8th Cir. 1990). Furthermore, her guilty plea forecloses a § 1983 claim that her arrest was without probable cause. *Zamarripa v. Busalaki*, 230 F.3d 1365 (8th Cir. 2000); *Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990).

Third, to the extent Linton's complaint seeks relief in the form of release from the terms of her sentence and reversal of her conviction, her complaint is subject to dismissal. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973) (habeas corpus is

exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

Fourth, Linton's claim against Candice Settle, is subject to dismissal. Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).

Fifth, Judge Cottrell and Judge Peer are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).

"However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Linton does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Linton seeks injunctive relief her claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson*

*v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Sixth, Linton's claim against prosecuting attorne Marc McCune is also subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent Linton's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Linton can make no such showing here. Further, injunctive relief is not

appropriate where an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

### III.  Conclusion

I therefore recommend this case be dismissed on the grounds that the claims are not cognizable, are frivolous, fail to state claims upon which relief can be granted, or are asserted against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Linton has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Linton is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of April 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)